O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARILYN HAEHN, | ) | Case No. CV 11-07781 DDP (JCGx) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT** |
| v. | ) ) | |
| JETBLUE AIRWAYS CORPORATION, | ) | [Dkt. No. 12] |
| Defendant. | ) ) ) | |

Presently before the court is Defendant JetBlue Airways Corporation ("JetBlue")'s Motion for Leave to File a Third-Party Complaint. Having reviewed the papers submitted by the parties, the court grants the motion and adopts the following order.

**I. Background**

In July 2011, Plaintiff Marilyn Haehn ("Haehn") filed a complaint against JetBlue in California Superior Court. Haehn seeks compensation for injuries suffered during an emergency evacuation of a JetBlue aircraft at the Sacramento County Airport. JetBlue subsequently removed to this court and answered the complaint in September 2011. JetBlue then filed the instant motion, seeking leave to file a third-party complaint. JetBlue

argues that the County of Sacramento (the "County") is liable for contractual indemnification under its Sacramento International Airport Scheduled Airline Operating Agreement and Terminal Building Lease (the "Operating Agreement").  Haehn opposes the motion.

**II.  Legal Standard**

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).  If a defending party does not file the third-party complaint within fourteen days of an original answer, the defendant must first obtain leave to file.  Id.

The decision to grant a defendant leave to implead a third-party rests in the sound discretion of the trial court.  See U.S. v. One Mercedes Benz, 708 F.2d 444, 452 (9th Cir.1983).  In deciding whether to permit impleader, a court must consider the prejudice to the original plaintiff, complication of issues to be tried, likelihood of delay, and timeliness of the motion to implead.  Irwin v. Mascott, 94 F.Supp. 2d 1052, 1056 (N.D. Cal. 2000).

B.   Analysis

JetBlue argues that under the terms of its operating agreement with the County, it is s entitled to contractual indemnification and contribution for claims relating to Haehn's injuries, and that because discovery is still in its early stages, the introduction of the County as an additional defendant will not cause undue delay. (Mot. 5-7)

2

1    Haehn argues that the introduction of governmental and
2 contractual issues, namely whether JetBlue followed or was
3 obligated to follow noticing procedures under California
4 Government Code §930.2, into an otherwise straightforward
5 negligence action will unduly delay and complicate resolution of
6 the case at hand. (Opp. 3)  Haehn also argues that she will be
7 unduly prejudiced by being forced to oppose a future motion for
8 change of venue by the County. (Opp. 3)
9    The court is persuaded that impleader should be permitted.
10 The introduction of an additional defendant will not require the
11 duplication of any discovery, which remains in its early stages,
12 or unduly delay trial.  Even if Haehn is correct that the County
13 will raise contractual defenses, it is JetBlue, not Haehn, who
14 will bear the burden of responding.  Nor the does prospect of a
15 hypothetical future motion to transfer venue create sufficient
16 prejudice to Haehn to warrant denial of JetBlue's timely-filed
17 motion.  Regardless whether JetBlue or the County is ultimately
18 liable, the focus of the trial will remain on the cause of Haehn's
19 injuries.  Impleader under Rule 14 is, therefore, appropriate.

**III. CONCLUSION**

   For the reasons stated above, JetBlue's Motion for Leave to
File Third Party Complaint is GRANTED.

IT IS SO ORDERED.

Dated: July 6, 2012
                              _____
                              DEAN D. PREGERSON
                              United States District Judge

3